UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ANTHONY FOGGY,<br><br>　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　Respondent. | Civil No.   12cv2633-LAB (BGS)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

　　　　Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

　　　　The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate. Petitioner indicates that the in forma pauperis form he has used requires a certified statement showing transactions for the six-month period immediately preceding the filing of the Petition, and that he is unable to comply because he will not have been incarcerated in prison for six months. (ECF No. 2 at 3.) However,

Petitioner must nevertheless include a prison certificate showing his current assets. (The proper Southern District in forma pauperis form, which includes the required Prison Certificate, is attached for Petitioner's convenience.)

In addition, Petitioner has failed to name a proper Respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Petitioner here has named "People of the State of California" as Respondent. A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

Accordingly, the Court **DENIES** the request to proceed in forma pauperis and **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must, no later than **January 7, 2013**, provide the Court with: (1) a copy of this Order together with the $5.00 filing fee; or (2) a copy of this Order together with adequate proof that Petitioner cannot pay the $5.00 filing fee **and** file a First Amended Petition which names a proper Respondent. The Clerk of Court shall send Petitioner a blank Southern District of California In Forma Pauperis application, which includes the required prison certificate, along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: November 9, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge