1

2

3

4

5

6

7

8
# UNITED STATES DISTRICT COURT

9
## SOUTHERN DISTRICT OF CALIFORNIA

10

11
GERALD ANTHONY FOGGY,

12
                              Petitioner,

        vs.

13
E. VALENZUELA, Warden,

14
                              Respondent.

15

CASE NO. 12-CV-2633-LAB (BGS)

**ORDER DENYING
PETITIONER'S MOTION TO
APPOINT COUNSEL**

16
        On April 26, 2013, Petitioner Gerald Anthony Foggy, a state prisoner proceeding *pro*

17
*se* in his petition for writ of habeas corpus, filed a motion to appoint counsel. (Doc. No. 13.)

18
For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Petitioner's

19
motion for appointment of counsel.

20
        Petitioner argues the Court should appoint him counsel for three reasons: (1) he is not

21
sufficiently trained in legal matters;  (2) he is ignorant as to how to proceed with the case;  and

22
(3) he lacks knowledge of how to legally represent himself.  (Doc. No. 13.)

23
        There is no constitutional right to counsel in federal habeas corpus actions by state

24
prisoners.  *McCleskey v. Zant*, 499 U.S. 467, 495 (1991);  *Chaney v. Lewis*, 801 F.2d 1191,

25
1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However,

26
financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain

27
representation whenever the Court "determines that the interests of justice so require."  18

28
U.S.C. § 3006A(a)(2)(B) (West Supp. 2005); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181

(9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the Court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254.  When no evidentiary hearing is necessary,  the appointment of counsel is discretionary.  *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah*, 18 F.3d at 573.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.  The Eight Circuit has developed case law useful in determining whether due process requires appointment of counsel.  In the Eight Circuit, a due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner.  *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).   Factors considered in determining the complexity of the legal issues include "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claim." *Abdullah*, 18 F.3d at 573 (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)); *Hoggard*, 29 F.3d at 471; *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993); *Smith v. Groose*, 998 F.2d 1439, 1442 (8th Cir. 1993); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).  In addition, courts may consider "any other relevant factors" such as whether the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Abdullah*, 18 F.3d at 573; *Hawkins*, 423 F.2d at 950.

Petitioner's request for counsel is denied without prejudice because the circumstances of this case do not indicate that the issues involved are so complex that counsel is necessary to prevent due process violations. *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29; *Hawkins*, 423 F.2d at 950.  Petitioner has thus far been able to articulate his claims and adequately represent himself.   Under these circumstances, a district court does not abuse its discretion by denying a state prisoner's request for appointment of counsel as it is simply not

1    warranted by the interests of justice.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

2        The Court also notes that "[w]here the issues involved can be properly resolved on the

3    basis of the state court record, a district court does not abuse its discretion in denying a request

4    for court-appointed counsel."  *Hoggard*, 29 F.3d at 471; *McCann v. Armontrout*, 973 F.2d 655,

5    661 (8th Cir. 1992); *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam)

6    (holding that district court did not abuse its discretion in denying § 2254 habeas petitioner's

7    motion for appointment of counsel where allegations were properly resolved on basis of state

8    court record).  Here, Petitioner challenges his conviction on the basis of the prosecutor's

9    allegedly improper peremptory challenge against a prospective African American juror.  *See*

10   *Batson v. Kentucky*, 476 U.S. 79 (1986).  Respondent has provided the Court with the Clerk's

11   and Reporter's transcripts from Petitioner's San Diego Superior Court Case No. SCN268712.

12   At this stage of the proceedings, it appears the Court will be able to properly resolve the issues

13   involved on the basis of the state court record.

14       While the assistance that counsel provides is valuable, the court in *Knaubert* noted that

15   "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new

16   evidence is largely superfluous; the district court is entitled to rely on the state court record

17   alone." 791 F.2d at 729 (citing *Sumner v. Mata*, 449 U.S. 539, 545-57 (1981), and 28 U.S.C.

18   § 2254(d)).[1]  Because this Court denies Petitioner's motion for appointment of counsel, it must

19   "review the record and render an independent legal conclusion."  *Id*.  Moreover, because the

20   Court does not appoint counsel, it must "inform itself of the relevant law.  Therefore, the

21   additional assistance provided by attorneys, while significant, is not compelling."  *Id.*

22       "The procedures employed by the federal courts are highly protective of a pro se

23   petitioner's rights.  The district court is required to construe a pro se petition more liberally

24   than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (citing *Haines*

25   *v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per

26

27       [1]When a *pro se* petitioner presents a palpable claim that state court factual findings are
28   erroneous, this Court properly exercises its discretion to hold an evidentiary hearing.  In such
     circumstances, counsel will be appointed.  *See* Rule 8, 28 U.S.C. foll. § 2254.  Petitioner has not made
     such a showing here.

curiam)); *Bashor*, 730 F.2d at 1234.   On the basis of the first amended petition, filed *pro se*, it appears that Petitioner has a good grasp of this case and the legal issues involved. (*See* Doc. No. 5.)   The first amended petition was pleaded sufficiently to warrant this Court's order directing Respondent to file a responsive pleading.   This Court will likely not require that Petitioner file further pleadings.[2]

In sum, the Court finds that Petitioner's arguments regarding his lack of legal knowledge and uncertainty about how to proceed with the case do not warrant the appointment of counsel at this time. Petitioner's arguments are not based on the complexity of the issues involved but rather on the general difficulty of litigating *pro se. See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Accordingly, Petitioner's request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED:  June 11, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

---

[2]Although Petitioner may file a traverse to Respondent's answer, Rule 5, and the general procedure set up by the rules following § 2254, "does not contemplate a traverse to the answer, except under special circumstances." Rule 5, 28 U.S.C. foll. § 2254 advisory committee notes.  "In actual, practice, the traverse tends to be a mere pro forma refutation of the [answer], serving little if any expository function.  In the interests of a more streamlined and manageable habeas corpus procedure, it is not required except in those instances where it will serve a truly useful purpose." *Id.*