UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gerald Anthony Foggy<br><br>                     Petitioner,<br><br>           v.<br><br>E. Valenzuela, Warden<br><br>                     Respondent. | Civil No.   12-CV-2633 LAB (BGS)<br><br>**REPORT AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 17]** |

## I. INTRODUCTION

On January 16, 2013, Gerald Anthony Foggy ("Foggy"), a state prisoner proceeding pro se, filed a first amended petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 5.) In this Petition, Foggy seeks relief from a California state court conviction. He claims the California trial court improperly permitted the prosecution to use a peremptory challenge to remove a black panelist during voir dire. (*Id*.) Specifically, Foggy alleges the prosecution's peremptory challenge unlawfully excluded a member of a cognizable racial group from the jury venire and that the trial court erred in ruling against

1

his *Batson*[1] challenge. (Doc. No. 5.) E. Valenzuela ("Respondent") filed an answer to the Petition and Foggy filed a traverse. (Doc. No. 17 and 21.) For the foregoing reasons, the Court recommends that the Petition be **DENIED**.

## II. STANDARD OF REVIEW

A federal court may review a habeas petition by a person in custody under a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With some exceptions, the petitioner must also first exhaust state court remedies. 28 U.S.C. § 2254(b).

AEDPA, which effected amendments to the federal habeas statutes, applies to the present Petition because Foggy filed after AEDPA's effective date: April 26, 1996. *Lindh v. Murray*, 521 U.S. 320, 336 (1997). "By its terms, [AEDPA] bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in § 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). Under AEDPA, in order for the exceptions to apply, the state court adjudication must have:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Accordingly, federal habeas relief is not available for state law errors and unless a prisoner alleges deprivation of a federal right, the claim is non-cognizable under § 2254. *See Engle v. Issac*, 456 U.S. 107, 118 (1982); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

"Clearly established Federal law" refers to federal law holdings of the Supreme Court at the time of the state court decision. *Stanley v. Cullen*, 633 F.3d 852, 859 (2011) (*citing Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Although only Supreme Court law is

---

[1] *Batson v. Kentucky,* 476 U.S. 79, 89 (1986), held that the Equal Protection clause forbids the challenging of potential jurors solely on the basis of race. *Batson* challenges involve a three-step inquiry. *Rice v. Collins*, 546 U.S. 333, 338 (2006). The specifics of the three-step inquiry will be addressed in detail below.

binding, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Maxwell v. Roe*, 606 F.3d 561, 567 (2010). To determine if a decision is "contrary to" clearly established federal law, the reviewing court must evaluate whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1399 (2011) (*quoting Williams*, 529 U.S. at 405, 406).

If the state decision identifies the "correct governing legal principle," a federal court must determine whether the decision "unreasonably applies that principle to the facts of the prisoner's case." (*Id.*) (*quoting Williams*, 529 U.S. at 413). "An unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, 529 U.S. at 410. Similarly, a state court decision based on a factual determination may not be overturned on habeas review unless the factual determination is "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Stanley*, 633 F.3d at 859 (*quoting Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

The AEDPA standard requires deference be given to state court decisions. *Williams*, 529 U.S. at 387. For example, a state court decision that a claim lacks merit, precludes federal habeas relief even if "fairminded jurists could disagree" on the correctness of the ruling. *Harrington*, 131 S.Ct. at 786 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) Under this standard, "even a strong case for relief does not mean the state court's contrary decision was unreasonable." (*Id.*) Accordingly, to obtain federal habeas relief, a prisoner must show that the state court's decision on the claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." (*Id.*) at 786-87. Even if this Court finds that the state court committed such an error, habeas relief is only available if the error "had substantial and injurious effect or influence" in determining the effect of the case. *Fry v. Pliler*, 551 U.S. 112, 116 (2007) (*citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

3

Where more than one state court adjudicated the petitioner's claims, the federal habeas court analyzes the last reasoned decision. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), for presumption that later unexplained orders, upholding judgment or rejecting same claim, rest upon same ground as the prior order). Thus, a federal habeas court looks through ambiguous or unexplained state court decisions to the last reasoned decision in order to determine whether the decision was contrary to or an unreasonable application of clearly established federal law. *Medley v. Runnels,* 506 F.3d 857, 862 (9th Cir. 2007); *Bailey v. Rae*, 339 F.3d 1107, 1112–13 (9th Cir. 2003).

### III. FACTUAL BACKGROUND

After a jury trial on March 24, 2010, Foggy, an African-American man, was convicted of two counts of robbery with great bodily injury. (Lodgment 8 at 2.) He was sentenced to fifteen years in prison. (Doc. No. 1; Lodgment 3 at 157.)

After voir dire, the court allowed the attorneys to exercise peremptory challenges. During the first two rounds of peremptory challenges the defense exercised 14 peremptory challenges and the prosecution did not exercise any. (Lodgment 8 at 2.) At the beginning of the third round of peremptory challenges, the prosecution asked all of the jurors whether anybody felt uncomfortable sitting in judgment of somebody else, and Juror No. 34 responded that he preferred not to pass judgment. (*Id.* at 3.) The prosecutor challenged Juror No. 34 for cause, on the basis of "his inability to perform his duty as a juror, to sit as a judge of the facts in this case." (*Id*.) Defense counsel stated, "I think we should give [the prosecutor] the opportunity to exercise one peremptory in this case." (*Id*.) After inquiring the juror again, the court stated that the juror's reason was not sufficient for a challenge based on cause because the juror was not unwilling to judge but merely preferred not to do so. (*Id.*)

Next the prosecution used a peremptory challenge to remove Juror No. 32—a Caucasian. (Lodgment 3 at 79.) Juror No. 32 was then excused. After the defense asked to excuse Juror No. 7, Juror No. 34 was seated. At that time the prosecution exercised its

4

second peremptory challenge to excuse Juror No. 34 Defense counsel immediately requested a sidebar conference and raised a *Batson* challenge stating that Juror No. 34 was the only non-white person on the venire. (*Id.* at 78.) In response, the court pointed out other non-white members of the venire and further responded:

> I in all candor have to say that it was a very close call on whether or not there was a cause challenge with regard to the African-American juror [prospective Juror No. 34]. Based on his statements, the court ruled against the [prosecutor] in that regard, but I guess I cannot say that based on that one exclusion, that there is a pattern here, given his clear stated desire not to be on the jury, not to sit in judgment. And I feel that under those circumstances I don't find a pattern with just two challenges. [¶] But I will keep in mind that issue, if there are any other African-Americans that go up on panel.

(*Id*. at 78-79.)

The prosecutor made no further peremptory challenges and at the close of the jury selection process, the court stated for the record that the final jury venire consists of one Hispanic and one Filipino juror, as well as one African American alternate juror. (Lodgment 3 at 11.) After the jury was sworn in, the prosecutor asked to address Foggy's *Batson* challenge on the record and the court allowed the prosecution to offer its reasons for using a peremptory challenge to remove Juror No. 34.  The prosecution acknowledged the court had not found a prima facie showing of discrimination but the prosecutor still wanted to state the reasons for the challenge. (*Id*.)  The reasons included Juror No. 34's unwillingness to sit in judgment, as well as the fact that after lunch Juror No. 34 closed his eyes, fell asleep and snored at an audible volume during voir dire. (*Id*.) The court also had the bailiff to describe for the record his own interactions with Juror No. 34. (*Id*.) The bailiff stated that Juror No. 34 sat at the very opposite end of the row from where he was directed to sit, and Juror No. 34 gave the bailiff attitude when told to remove his headphones. (*Id*. at 11-12.)

After stating this information for the record, the court thanked the prosecutor and the bailiff for reporting their observations.  Defense counsel did not offer any information or argument in response. Thereafter, trial proceeded and resulted in Foggy's conviction.

## IV.  PROCEDURAL HISTORY

After trial, Foggy filed an appeal with the California Court of Appeal challenging the sufficiency of the trial court's *Batson* analysis. (Lodgment 5.) The appeal was denied on the

basis that Foggy did not present a prima facie case of discrimination, and even if he had, the prosecution had a race-neutral explanation for the peremptory challenge. (Lodgment 8.) Next, Foggy filed a petition for review with the Supreme Court of California. (Lodgment 10.) This petition was denied without comment on January 18, 2012. (*Id*.) Accordingly, Foggy fully exhausted his state court remedies.

On October 29, 2012, Foggy filed this Petition claiming: (1) "the unlawful exclusion of members of a particular race from jury selection constitutes structural error. . . because it infects the entire trial process"; (2) the "trial court erred by failing to find a prima facie showing that the prosecutor's peremptory challenge was race based"; and (3) the "trial court erred by failing to find at the third [step] of the *Batson* inquiry that the prosecutor's peremptory challenge was race based." (Doc. No. 5 at 6-8.) On May 24, 2013, Respondent filed an answer to the Petition, arguing that Foggy has not met his burden of establishing a prima facie case of discrimination, and even if he had, the prosecution provided a sufficient race-neutral explanation for the peremptory challenge. (Doc. No. 17.) On June 12, 2013, Foggy filed a traverse. (Doc. No. 21.)

## V. ANALYSIS

### A.   **Legal Standard Applicable to *Batson* Claim**s

Purposeful discrimination on the basis of race or gender in the exercise of peremptory challenges violates the Equal Protection Clause of the United States Constitution. *See Batson*, 476 U.S. at 85. Courts use a three-step burden shifting test to determine whether a potential juror was struck in violation of *Batson. Green v. LaMarque*, 532 F.3d 1028, 1029-30 (9th Cir. 2008).

First, "the defendant must make a prima facie showing the challenge was based on an impermissible basis, such as race." *Id*. at 1029 (*citing Batson*, 476 U.S. at 96). If the defendant fails to present sufficient evidence to establish a prima facie case, the challenge may be denied and the court need not continue to step two. *Id*. at 1030. "Second, if the trial court finds the defendant has made a prima facie case of discrimination, the burden then shifts to the prosecution to offer a race-neutral reason for the challenge that relates to the

6

case." *Id.* (*citing Johnson v. California*, 545 U.S. 162, 168, (2005)). "Third, if the prosecutor offers a race-neutral explanation, the trial court must decide whether the defendant has proved the prosecutor's motive for the strike was purposeful racial discrimination."*Id.*

A state court's finding that the prosecutor did not engage in purposeful discrimination is reviewed under the deferential standard set forth in 28 U.S.C. § 2254(d)(2). *See Briggs v. Grounds*, 682 F.3d 1165, 1170 (9th Cir. 2012.). "Thus, a state court's decision will be upheld unless it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Jamerson v. Runnels*, 713 F.3d 1218, 1225 (9th Cir. 2013) (quoting 28 U.S.C. § 2254(d)(2)).

**B.     Foggy Is Not Entitled to Habeas Relief**

The California Court of Appeal issued the last reasoned decision on Foggy's claims and held that the trial court reasonably concluded Foggy did not establish a prima facie case of discrimination because there were obvious race-neutral grounds for excusing prospective Juror No. 34. (Lodgment 8 at 5-6.)  The California Court of Appeal found substantial evidence in the record supporting the trial court's finding that there was no circumstance present to "support a reasonable inference the prosecutor used peremptory challenges to exclude a prospective juror on account of his race." (Lodgment 8 at 6.) The California Court of Appeal further found that although the trial court did not find a prima facie case of discrimination, the trial court allowed the prosecution to explain the basis of its peremptory challenge, and the Court of Appeal found the prosecution's reasons provided a sufficient race neutral basis for exercising the challenge. (*Id.* at 7.)

This Court reviews Foggy's claim under the requirements of the federal habeas statute, 28 U.S.C. § 2254(d). For the reasons set forth below, the Court finds that the state court's decision was neither contrary to, nor an unreasonable application of clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State proceedings.

///

///

### 1. *Batson* Analysis

####   i. **Petitioner Did Not Present a Prima Facie Case of Discrimination**

To state a prima facie case of discrimination a defendant must establish three elements: "(1) the prospective juror is a member of a cognizable racial group, (2) the prosecutor used a peremptory strike to remove the juror, and (3) the totality of the circumstances raises an inference that the strike was motivated by race." *United States v. Collins*, 551 F.3d 914, 919 (9th Cir. 2009) (*quoting Boyd v. Newland*, 467 F.3d 1139, 1143 (9th Cir. 2006). The prospective juror in this case, Juror No. 34, is African-American and therefore a member of a cognizable racial group. The prosecutor used a peremptory strike to remove prospective Juror No. 34. The totality of the circumstances, however, did not raise an inference that the prosecutor's strike was motivated by race.

As stated above, a state court's finding that the prosecutor did not engage in purposeful discrimination is reviewed under the deferential standard set forth in 28 U.S.C. § 2254(d)(2). *See Briggs v. Grounds*, 682 F.3d 1165, 1170 (9th Cir. 2012.) "Thus, a state court's decision will be upheld unless it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Jamerson*, 713 F.3d at 1225 (quoting 28 U.S.C. § 2254(d)(2)). In this case, both the trial court and the California Court of Appeal found that Juror No. 34 clearly stated a desire not to be on the jury because he preferred not to sit in judgment of another person. (Lodgment 4, RT at 79; Lodgment 8 at 6.) A party may legitimately exclude a prospective juror when that juror's beliefs make him or her uncomfortable sitting in judgment of another person. *See People v. Martin* 64 Cal.App.4th 378, 384-385 (1998); *see also Mitleider v. Hall*, 391 F.3d 1039, 1048–1049 (9th Cir.2004) (reluctance to serve on jury is legitimate reason to strike juror), cert. denied, 545 U.S. 1143 (2005).

Thus, the state courts' determination that the totality of the relevant facts and circumstances did not raise an inference of discrimination was not an unreasonable application of federal law. The California Court of Appeal applied the correct legal standard—*Batson*. Moreover, the trial transcript clearly documents Juror No. 34's

preference to not pass judgment on another person. (Lodgment 4 at 73.) Therefore, this Court finds that the California Court of Appeal's decision upholding the trial court's conclusion that no prima facie case of discrimination was established is not based on an unreasonable determination of the facts in light of the evidence.

### ii. The Prosecution Provided a Valid Race-Neutral Reason

The trial court did not find Foggy established a prima facie case of discrimination, therefore, the trial court did not need to proceed to step two of the *Batson* inquiry. *Green*, 532 F.3d 1028, 1030 (9th Cir. 2008). The record reflects that the trial court did not find a prima facie case of discrimination, but prosecution requested that it be allowed to provide an explanation for the challenge on the record.  The prosecutor explained: (1) Juror No. 34 expressed an unwillingness to pass judgment; (2) Juror No. 34 gave the bailiff "attitude" and refused to follow directions in the courtroom; and (3) Juror No. 34 fell asleep during proceedings and snored at an audible volume. (Lodgment 3 at 11-12.) The California Court of Appeal concluded that although a prima facie case of discrimination was not established, if the trial court had found an inference of discrimination, the prosecution's reasons for exercising the challenge  provided a sufficient race-neutral explanation. (Lodgment 8 at 7.)

In evaluating habeas petitions premised on a *Batson* violation, "[the federal court] standard is doubly deferential: unless the state appellate court was objectively unreasonable in concluding that the trial court's credibility determination was supported by substantial evidence, we must uphold it." *Briggs*, 682 F.3d at 1170 (*citing Rice*, 546 U.S. at 338–42). "This is because the question of discriminatory intent 'largely will turn on evaluation of credibility' and 'evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province.' " *Jamerson*, 713 F.3d at 1225 (*quoting Hernandez v. New York*, 500 U.S. 352,  365 (1991)).  Thus, this Court can only grant Foggy's petition if it was unreasonable for the state court to credit the prosecutor's race-neutral explanations for the challenge. *See Rice v. Collins*, 546 U.S. 333, 338-339 (2006).

The California Court of Appeal carefully reviewed the record in upholding the trial court's decision and also applied the correct legal standard in making its determination. As mentioned above, the trial court determined that the prosecution's use of a peremptory challenge as to Juror No. 34 did not raise an inference of discrimination, yet the prosecution voluntarily offered three race-neutral reasons for striking Juror No. 34. The Court of Appeal reviewed the record and similarly found the prosecutor's race-neutral explanations credible. (Lodgement 8 at 7.) Therefore, the California courts' finding that the prosecutor did not act with discriminatory intent was not based on an unreasonable determination of the facts in light of the evidence.

### iii. There Was No Need for the Trial Court to Proceed to the Third Stage of the *Batson* Inquiry

Finally, Foggy claims the trial court erred by failing to conclude at the third step of the *Batson* inquiry that the prosecutor's challenge was race based. (Doc. No. 5 at 8.) Foggy contends the trial court erred by "not meaningfully evaluating the genuineness of the prosecutor's explanation," and by ultimately "finding that the prosecution did not discriminate...." (*Id.*) In this case, at the first stage of the inquiry the trial court evaluated the totality of the relevant facts and did not find that the facts gave rise to an inference if discriminatory purpose. *See Batson,* 476 U.S. at 93-94. The trial court specifically stated: "[T]here have been only two challenges by the district attorney. One was Caucasian and one was black....I cannot say that based on that one exclusion, that there is a pattern here, given [Juror No. 34's] clear stated desire not to be on the jury, not to sit in judgment." (Lodgment 78-79.)

A state court's ruling on whether a criminal defendant established a prima facie case of prosecutorial discrimination is entitled to a presumption of correctness on federal habeas review. *See Tolbert v. Page*, 182 F.3d 677, 685 (9th Cir.1999) (en banc). But no presumption of correctness is in order if the state court did not use the correct legal standard for determining whether defendant established a prima facie case of prosecutorial discrimination. *See Fernandez v. Roe*, 286 F.3d 1073, 1077 (9th Cir.2002) (no presumption

of correctness for decision that applied wrong prima facie legal standard).  In this case, both the trial court and the California Court of Appeal applied the correct legal standard at step one of the *Batson* analysis and both courts reasonably concluded that Foggy failed to demonstrate a prima facie showing of discrimination.  Because the prosecutor's use of a peremptory challenge as to Juror No. 34 did not raise an inference of discrimination, it was not error for the state courts to forgo further analysis at the third step of the *Batson* inquiry. *See Johnson v. California*, 542 U.S. 162, 170 (2005) (*citing Purkett v. Elem*, 514 U.S. 765, 768 (1995)).

Accordingly, the California courts' rejection of Foggy's claim is not contrary to, or an unreasonable application of the *Batson* standard and the Petition should be denied.

### *CONCLUSION AND RECOMMENDATION*

For the reasons stated above, the Court recommends that the Petition be **DENIED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS ORDERED** that no later than **March 19, 2014** days after receiving a copy this Report & Recommendation, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within 10 days of being served with the objections.

**IT IS SO ORDERED**.

DATED:  March 4, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court