# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ANTHONY FOGGY,<br><br>    Petitioner,<br>vs.<br><br>E. VALENZUELA, Warden,<br><br>    Respondent. | CASE NO. 12-CV-2633-LAB-BGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Foggy challenges his conviction for robbery causing great bodily injury on the ground that the prosecutor improperly used a peremptory challenge to remove a black panelist during voir dire.  If that is true, it is an obvious violation of *Batson v. Kentucky*, 476 U.S. 79, 89 (1986).

Foggy's habeas petition was referred to Magistrate Judge Skomal for a Report and Recommendation pursuant to 28 U.S.C. § 636, after which Respondent answered and Foggy filed a traverse. (*See* Doc. Nos. 17, 21.)  Judge Skomal issued his R&R on March 4, 2014.  The Court must review the R&R pursuant to Fed. R. Civ. P. 72(b): "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

Foggy's opposition to the R&R is so feeble as to hardly be considered one at all, in which case the Court may even summarily adopt it.  See Civ. Local Rule 7.1(f)(3)(c); Standing Order 4(b).  Foggy merely notes that he received the R&R, that he objects to it, and that he is a layman in the law—all in a single, brief paragraph.  (Doc. No. 25.)

In any event, the Court has reviewed the record in this case along with the R&R and finds it to be well-reasoned and correct.  The state court found that Foggy didn't even make out a prima facie case of discrimination because the stricken juror indicated a hesitation to sit in judgment of another person.  Even assuming Foggy had made that threshold case, however, the state court found that the prosecution offered an adequate race-neutral justification for the use of the peremptory.  The stricken juror was not only averse to sitting in judgment of another, but he was a contrarian in the courtroom and even fell asleep and snored during proceedings.  Neither of these findings was contrary to clearly established Federal law, nor based on an unreasonable determination of the facts in light of the evidence.  See 28 U.S.C. § 2254(d); *Murray v. Schriro*, 2014 WL 997716 at *7–8 (9th Cir. Mar. 17, 2014) (defining standards under §§ 2254(d)(1) and (2)).

The Court **ADOPTS** the R&R and accordingly **DENIES** Foggy's habeas petition.  The Petition raises no close legal questions, and the Court will deny Foggy a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED**.

DATED: April 1, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge